UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ADOM L. DANIELS, | ) | |
| | ) | |
| *Petitioner* | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:05-CV-768 RM |
| | ) | (Arising out of 3:03-CR-22(01) RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent* | ) | |

OPINION and ORDER

On August 18, 2006, the court denies Adom Daniels' petition filed pursuant to 28 U.S.C. § 2255 because the 1-year period of limitations with which to file such a motion had already expired. On September 22, the court also denied Mr. Daniels' motion for relief from that order. Mr. Daniels has filed an appeal of the latter order and is before the court asking that he be permitted to proceed *in forma pauperis*. Mr. Daniels represents that he is indigent and unable to pay the filing fee. Although Mr. Daniels hasn't requested that a certificate of appealability be issued, the court will construe his motion as requesting such a certificate, as well.

Issuance of a certificate of appealability requires the court to find that Mr. Daniels has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has not done so. Not only did Mr. Daniels file his § 2255 petition after the limitations period had run, but his claim has no merit. In his petition Mr. Daniels relies heavily on Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Booker does not apply

retroactively. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005). ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely,* came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, so *Booker* itself represents the establishment of a new rule about the federal system."). His request for a certificate of appealability is therefore denied.

Federal Rule of Appellate Procedure 24(a)(3) provides that a financially indigent person may be permitted to proceed on appeal *in forma pauperis* unless the court "certifies that the appeal is not taken in good faith." In other words, the court must determine "that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000). Because no reasonable person could find that Mr. Daniels' appeal has any merit, the court concludes that his appeal is not taken in good faith, and his request for pauper status must be denied.

Based on the foregoing, Mr. Daniels' motion for leave to proceed *in forma pauperis* on appeal and for a certificate of appealability [docket # 151] is DENIED.

SO ORDERED.

ENTERED:   November 16, 2006


           /s/ Robert L. Miller, Jr.
           Chief Judge
           United States District Court

cc:     A. Daniels