UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:03-CR-22 RM |
| ) | |
| ADOM L. DANIELS (01) ) | |

OPINION and ORDER

A jury found Adom Daniels guilty on April 23, 2003 of four counts of the superceding indictment.[1] Mr. Daniels' motion for judgment of acquittal was denied on June 27; he was sentenced on July 3 to a term of 247 months' imprisonment; and his conviction was affirmed on appeal on June 2, 2004. United States v. Daniels, 370 F.3d 689 (7th Cir. 2004). Mr. Daniels filed a petition pursuant to 28 U.S.C. § 2255 on December 1, 2005, but his request for relief was denied (on August 18, 2006) because his petition was filed beyond the statute's one-year statute of limitations. Mr. Daniels' motion for reconsideration of that order was denied on September 22, and his appeal was denied March 16, 2007.

In 2008, Mr. Daniels filed a request for resentencing based on the amendments to the United States Sentencing Guidelines relating to the powder vs. crack cocaine ratio. Counsel was appointed to represent him, and in May 2008 Mr. Daniels' sentence was reduced to a term of 212 months.

---

[1] Count 1, possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); Count 2, possession of a firearm in furtherance of drug activity in violation of 18 U.S.C. § 924(c)(1)(A); Count 6, maintaining a crack house in violation of 21 U.S.C. § 856(a)(1); and Count 7, assault of a witness in violation of 18 U.S.C. § 1512(a)(2)(C).

Mr. Daniels is now before the court on his "Writ of Error Audita Querela Title 28 U.S.C. § 1651," in which he seeks to have his conviction and sentence vacated and set aside. Mr. Daniels claims that the United States Supreme Court's decisions in <u>In Re Winship</u>, 397 U.S. 358 (1970); <u>Jones v. United States</u>, 526 U.S. 227 (1999); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>Ring v. Arizona</u>, 536 U.S. 584 (2002); and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), mandate the "automatic reversal of [his] conviction and sentence." Mot., at 3-4. According to Mr. Daniels, his conviction should be vacated because (i) the jury was never given an instruction on finding him guilty of possessing between 50 and 150 grams of cocaine base or of possessing 50 grams or more of cocaine base; (ii) the government didn't prove that he possessed a specific amount of drugs or that he possessed a mixture containing a detectable amount of cocaine base; and (iii) the evidence conclusively showed that he was merely "a procuring agent and was never the actual owner or possessor of any controlled substance." Mot., at 4-6. Mr. Daniels also claims that "the mandatory application of the [sentencing] guidelines as applied to [his] Sixth Amendment guarantee could be viewed as an unconstitutional application of law," justifying a reversal of his conviction. Mot., at 8.

Mr. Daniels maintains his claims are not brought pursuant to 28 U.S.C. § 2255 and argues that common law writs can be used to "fill in the gaps" in post-conviction remedies. He says his filing isn't a second or successive § 2255 petition "[b]ecause an act done, in persuance [sic] of an Act of an Act of Congress, which

2

was found to be an unconstitutional Act by the Supreme Court, could never be construed in a 2255 filing." Mot., p.1, ¶ 4. The court can't agree.

28 U.S.C. § 2255(a) provides that a federal prisoner may seek to have his sentence vacated, set aside, or corrected based on a claim that the sentence was imposed in violation of the Constitution or laws of the United States or is otherwise subject to collateral attack. Mr. Daniels' § 2255 petition was denied in August 2006. A second or successive petition may only be considered by the sentencing court if the petitioner seeks an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Daniels hasn't alleged or established that he petitioned the Seventh Circuit for an order allowing him to proceed with a second or successive § 2255 petition, and he can't avoid the requirements of 28 U.S.C. § 2255 or § 2244 by "inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the petitioner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted); *see also* Collins v. Holinka, 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case – whether nominally under Fed. R. Crim. P. 33, or bearing an ancient title such as coram vobis or audita querela – may be treated as one under § 2255, because the caption on a document does not matter."); United States v. Lloyd, 398

F.3d 978, 980 (7th Cir. 2005) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela , certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." (*citing* Melton v. United States, 359 F.3d at 857)).

While a "procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense," In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998); *see also* United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (relief under a writ of audita querela may be available if a criminal defendant could show such relief was "necessary to plug a gap in the system of federal postconviction remedies"), Mr. Daniels has made no showing of the inadequacy of post-conviction remedies. His challenges to the jury instructions and evidence at his trial are issues he could have raised in a petition under § 2255. That Mr. Daniels' § 2255 motion may be time-barred doesn't create a "gap" that would permit a writ of *audita querela.* *See* United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("[A] federal prisoner may not challenge a conviction or sentence by way of a petition for writ of audita querela when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the postconviction remedies. . . . A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those limitations create a gap

4

in the post-conviction remedies that must be filled by the common law writs."); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999) ("That [a petitioner] may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy in § 2255 is inadequate or ineffective."); United States v. Juvera, No. 4:04CR147-10, 2008 WL 2949545, at *1 (E.D. Ark. July 20, 2008) ("Defendant could have raised these issues under § 2255; the fact that defendant's § 2255 motion was time-barred does not create a 'gap' that would permit a writ of audita querela.").

The court concludes Mr. Daniels' "Motion for Writ of Error Audita Querela Title 28 U.S.C. Section 1651" must be construed as a second or successive petition under 28 U.S.C. § 2255. Mr. Daniels previously filed a § 2255 petition in this court, so his current motion [docket # 205] is DENIED as directed to the wrong court.

SO ORDERED.

ENTERED:   October 8, 2008


/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: A. Daniels
    AUSA
    USPO